**UNITED STATES of America**

v.

**Jose ROSSIS–LOPEZ, a/k/a Jose Rossi–Lopez, a/k/a Jose Lopez, a/k/a John Lopez, a/k/a Ricardo Mesia, a/k/a Ruben Irizarry, a/k/a Jose A. Diaz, a/k/a Carlos Torres**

**Jose Rossis–Lopez, Appellant**

**No. 01–4446.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 23, 2002.

Filed Sept. 30, 2002.

Before BARRY, AMBRO, and COWEN, Circuit Judges.

OPINION

BARRY, Circuit Judge.

On March 19, 2001, Jose Rossis–Lopez, appellant herein, pled guilty to illegally reentering the country after he had been deported in 1995 for a drug-related conviction. On December 4, 2001, the District Court sentenced appellant to a 57–month term of incarceration. The length of appellant's sentence was due, in part, to his prior conviction, which constituted an "aggravated felony" under the Sentencing Guidelines.

Appellant's sole contention on appeal is aptly summarized in his brief: "Mr. Ros-sis–Lopez argues that his alleged prior aggravated felony conviction should not have been used to enhance his sentence, because it was not treated as an element of the offense at the change of plea or proven beyond a reasonable doubt. Mr. Rossis–Lopez acknowledges that the Supreme Court's decisions in *Apprendi* … and *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) foreclose his position. However, Mr. Rossis–Lopez raises this argument to preserve it in the event that the state of the law in the Supreme Court changes." Appellant's Br. at 12. Accordingly, appellant freely acknowledges that current Supreme Court precedent "clearly repudiates [his] position," *id.*, and simply appeals to preserve this issue in case the law changes.

We recently faced a similar situation in *United States v. Weaver*, 267 F.3d 231 (3d Cir.2001), *cert. denied*, 534 U.S. 1152, 122 S.Ct. 1118, 151 L.Ed.2d 1011 (2002). In *Weaver*, we concluded that "[d]espite speculation about the future of *Almendarez–Torres*, we heed the words of the Supreme Court in *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*: 'If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving this Court the prerogative of overruling its own decisions.'" *Id.* at 250–51 (quoting *Rodriguez*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)) (footnote and citation omitted). As we did in *Weaver* and as appellant acknowledges we must, we will follow *Almendarez–Torres*— and *Apprendi*—and affirm the judgment of conviction and sentence.